IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02542–RBJ–KMT

BEVERLY J. PRICE,

    Plaintiff,

v.

QWEST CORPORATION,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendant's "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 13 [Mot.], filed November 28, 2011). Plaintiff filed her response on January 23, 2012 (Doc. No. 17 [Resp.]), and Defendant filed its reply on February 6, 2012 (Doc. No. 18 [Reply]). The motion is ripe for recommendation and order.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's "Complaint and Jury Demand" (Doc. No. 1 ["Compl."], filed September 28, 2011). Plaintiff filed her case asserting claims for violations of the Title VII of the Civil Rights Act of 1964, wrongful discharge, and negligent infliction of emotional distress. (*See id.*) Plaintiff states she is an African-American female who was employed as a Central Office Technician ("COT") by the defendant. (*Id.*, ¶ 9.) Plaintiff states that for much of her career with the defendants, she was assigned to work a shift from 4 p.m.

until midnight, but at some point the number of slots for that shift was temporarily discontinued by the defendant. (*Id.*, ¶¶ 14–15.) In approximately June 2009, Plaintiff requested a work schedule that would allow her to pursue her bachelor's degree. (*Id.*, ¶ 16.) Plaintiff alleges her request was denied, but other employees' requests were accommodated, despite the fact that Plaintiff had more seniority. (*Id.*, ¶ 17.) Plaintiff moved to another office that would allow her to work the 4 p.m. to midnight shift. (*Id.*, ¶ 18.) Plaintiff states after she moved to her new office she learned she needed to come into work at around 5 p.m. because her last class ended at 4 p.m. (*Id.*, ¶ 19.) Plaintiff alleges the defendant denied her request to begin work at 5 p.m. (*Id.*) Plaintiff alleges a newer employee with less seniority requested and received an accommodation similar to that which the plaintiff had requested. (*Id.*, ¶ 20.) Plaintiff alleges she was discriminated against because of her race, and she let management know about the alleged discrimination in the fall of 2009. (*Id.*, ¶¶ 23–24.) After a meeting that included many members of Plaintiff's management team and members of Plaintiff's union, the defendant allegedly concluded that no discrimination had occurred. (*Id.*, ¶¶ 24–25.) Plaintiff alleges the discrimination directly affected her ability to continue her education and made her position so intolerable that she was forced to resign. (*Id.*, ¶¶ 26–27.) Plaintiff alleges that subsequently the defendant reinstated a 5 p.m. to 1 a.m. shift that would have accommodated Plaintiff's request for a schedule change. (*Id.*, ¶ 28.)

Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and fees and costs. (*Id.* at 5.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 68-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 678.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

## ANALYSIS

Defendant moves to dismiss all four of Plaintiff's claims. (*See* Mot.) In her response Plaintiff voluntarily withdraws her Third Claim for Relief for wrongful constructive discharge and her Fourth Claim for Relief for negligent infliction of emotional distress. (Resp., ¶ 21.b.) Therefore, this court recommends that Plaintiff's Third and Fourth Claims for Relief be deemed withdrawn and that Defendant's motion to dismiss those claims be denied as moot. The court, therefore, need only address Defendant's remaining argument that Plaintiff's Title VII claims should be dismissed as untimely. (*See* Mot. at 4–5.)

To bring a Title VII cause of action, an employee must file an administrative charge within 300 days after the alleged discriminatory act. 42 U.S.C. § 2000e-5(e).[1] Plaintiff states in her Complaint that she filed her charge of discrimination with the Denver District office of the U.S. Equal Employment Opportunity Commission ("EEOC") on November 23, 2012. (Compl, ¶ 6.) Thus, on its face, the charge was not timely. In her response, Plaintiff concedes that she did not timely file the charge of discrimination. (Resp., ¶ 10.)

Plaintiff argues, however, that the filing requirement should be equitably tolled because "[u]pon information and belief" she learned in Mary 2010 that an employee with "less seniority" was given an accommodation similar to that which the plaintiff requested. (Resp., ¶¶ 14, 20.) In support of her argument that the statute of limitations should be tolled, Plaintiff relies on only one case from the District Court for the District of Columbia, *Hatcher-Capers v. Haley*, 786 F. Supp. 1054 (D.D.C. 1992). (*See* Resp. at 15–20.) *Hatcher-Capers* is not binding on this Court. *See Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987) ("But the decisions of one circuit court of appeals are not binding upon another circuit."). Moreover, the facts in *Hatcher-Capers* are not similar to the facts alleged by the plaintiff in this case. In *Hatcher-Capers*, the plaintiff filed a charge of discrimination, and then a lawsuit, claiming the defendant's promotion policy had a disparate impact on race. *Id.* The defendant argued that the plaintiff's claim was untimely

---

[1] While the applicable deadline for filing a charge with the EEOC depends on a variety of circumstances, the latest possible filing date is 300 days after the last allegedly unlawful act. *See* § 2000e-5(e)(1).

because she did not initiate proceedings until more than seven years after the adoption of the policy and more than four years after she knew or should have known that a policy had been implemented that limited her promotion opportunities. *Id.* at 1059. The court found that the policy the defendant relied upon was never publicized, the plaintiff received no notice of the policy which would have alerted her to the possibility of its discriminatory nature, and the plaintiff had no reason to know about the policy until she made inquiries on her own. *Id.* at 1059–60. The court held that plaintiff's claims were equitably tolled. *Id.* at 1060.

Here, the plaintiff alleges in her Complaint that after her requests to accommodate her schedule were denied, and because other employees received similar schedule accommodations, she believed she was discriminated against because of her race, and she let management know about the alleged discrimination in the fall of 2009. (*Id.*, ¶¶ 23–24.) Plaintiff also alleges the discrimination directly affected her ability to continue her education and made her position so intolerable that she was forced to resign. (*Id.*, ¶¶ 26–27.) Thus, Plaintiff's assertion in her response that she was not aware of "disparate treatment regarding [another] employee" until May 27, 2010, when she "discovere[d] the disparate treatment on her own after no longer being employed by Defendant" (Resp., ¶ 20) is belied by the allegations in the Complaint.

In *Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393 (1982), the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* "Equitable exceptions, however, have been narrowly construed." *Harms v. I.R.S.*, 321 F.3d 1001, 1006 (10th Cir. 2003). *See Montoya v. Chao*, 296

F.3d 952, 957 (10th Cir. 2002) (stating that "federal courts have typically extended equitable relief only sparingly"). The Tenth Circuit "has generally recognized equitable tolling of Title VII periods of limitation only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Montoya v. Chao*, 296 F.3d at 957. *See Godwin v. Sw. Research Inst.*, 237 F. App'x 306, 307 (10th Cir. 2007) ("Our precedent requires that an ADEA plaintiff demonstrate 'active deception' on the part of an employer, the EEOC, or the court."); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1269 n.2 (10th Cir.1996) (noting in a Title VII case that "extraordinary circumstances" are "necessary to justify equitable tolling under established Tenth Circuit precedent."). "Equitable tolling may be appropriate where a plaintiff has been lulled into inaction by an employer's 'deliberate design . . . or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.' " *Al–Ali v. Salt Lake Cmty. Coll.*, 269 F. App'x 842, 847 (10th Cir. 2008) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). Equitable tolling "is not warranted where an employee is aware of all of the facts constituting discriminatory treatment but lacks direct knowledge of the employer's subjective discriminatory purpose." *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1235 (10th Cir.1999) (citation omitted).

    Here, Plaintiff does not allege she was misled or "lulled into inaction" by the defendant. *Al-Ali*, 296 F. App'x at 847. Moreover, her assertion that she learned in May 2010 that an employee with less seniority was given an accommodation similar to that which the plaintiff made (Resp., ¶¶ 14, 20) is merely information that might support a claim that the defendant had a

subjective discriminatory purpose, and, therefore, does not suffice to toll the statute of limitations. *Bennett*, 89 F.3d at 1235.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 13 ) be **GRANTED** in part and **DENIED** in part as moot as follows:

1. Plaintiff's Third and Fourth Claims for Relief should be deemed withdrawn and Defendant's motion to dismiss those claims be denied as moot; and

2. Plaintiff's First and Second Claims for Relief should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as they are barred by the statute of limitations.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of February, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge